Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>Apelados<br><br>v.<br><br>RAVARO CONSTRUCTION CORP.<br><br>Apelante | KLAN202400783 | Apelación, acogida como *Certiorari*, procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: KAC2015-0858<br><br>Sobre: Impugnación de Laudo de Arbitraje, Cobro de Dinero |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores

Rodríguez Flores, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece Ravaro Construction Corp. mediante recurso incoado el 20 de agosto de 2024, y solicita que se revoque la orden emitida el 22 de febrero de 2024, y notificada el 23 de febrero de 2024, por el Tribunal de Primera Instancia (TPI), Sala de San Juan. Mediante el referido dictamen, el TPI declaró no ha lugar la solicitud de ejecución de sentencia presentada por Ravaro Construction Corp., por vulnerar la prohibición de embargo de fondos públicos.

Por solicitarse la revisión de una denegatoria de una moción post sentencia, se acoge el escrito titulado apelación como uno de *certiorari*[1] y, por los fundamentos que se expondrán a continuación, se desestima el recurso por falta de jurisdicción.

---

[1] Por razones de conveniencia administrativa, este mantendrá la misma identificación alfanumérica asignada inicialmente.

Número Identificador
SEN2024_____

**I.**

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. *FCPR v. ELA et al.,* 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.,* 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz,* 209 DPR 402, 414 (2022); *Beltrán Cintrón et al. v. ELA et al,* 204 DPR 89, 101 (2020). Por esa razón, lo primero que se debe considerar en toda situación jurídica presentada ante un foro adjudicativo, es el aspecto jurisdiccional. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 499-500 (2019). Cónsono con ello, los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. Esto debido a que el foro judicial está obligado a auscultar el cumplimiento de los requisitos jurisdiccionales que la ley establece, antes de considerar los méritos de una controversia. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018).

El Tribunal Supremo ha reafirmado que los entes adjudicativos tienen que ser guardianes celosos de su jurisdicción y no poseen discreción para asumirla si no existe. *Rivera Marcucci v. Suiza Dairy Inc.,* 196 DPR 157, 165 (2016). Consecuentemente, cuando un tribunal carece de jurisdicción, está obligado a desestimar el recurso. *Torres Alvarado v. Madera Atiles,* supra, pág. 501; *Ruiz Camilo v. Trafon Group, Inc.*, supra, pág. 269; *Rivera Marcucci v. Suiza Dairy Inc.*, 196 DPR 157, 165 (2016).

**II.**

Cuando el Estado Libre Asociado de Puerto Rico es parte en un pleito, las normas procesales vigentes en nuestro ordenamiento jurídico establecen una diferencia entre el término aplicable a la presentación de un escrito de apelación y el plazo disponible para incoar un recurso de *certiorari* ante este Tribunal de Apelaciones. Por un lado, la apelación deberá presentarse dentro del término jurisdiccional de sesenta (60) días, contados desde la fecha del

archivo en autos de copia de la sentencia apelada. Mientras, el recurso de *certiorari* deberá presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. Regla 52.2 (c) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2 (c), y Regla 32 (D) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 32 (D).

El término de treinta (30) días para presentar el recurso de *certiorari* ante este foro apelativo intermedio es de cumplimiento estricto, lo que significa que puede ser prorrogado cuando se demuestra que la dilación se debió a justa causa. *Rosario Domínguez et als. v. ELA et al,* 198 DPR 197, 210 (2017); *Rivera Marcucci v. Suiza Dairy Inc.*, supra, pág. 171; *Toro Rivera et als. v. ELA et al.,* 194 DPR 393, 414-415 (2015); *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000). La acreditación de la justa causa se cumple con explicaciones concretas y particulares, debidamente evidenciadas. *Rosario Domínguez et als. v. ELA et al,* supra; *Rojas v. Axtmayer Ent., Inc.,* supra, pág. 565. Por tanto, en ausencia de demostración de justa causa, carecemos de discreción para prorrogar el término de cumplimiento estricto y acoger el recurso ante nuestra consideración. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 93 (2013); *Rojas v. Axtmayer Ent., Inc.,* supra, pág. 564.

### III.

El recurso ante nuestra consideración fue presentado el 20 de agosto de 2024. La orden sobre la cual Ravaro Construction Corp. solicita revisión se notificó el 23 de febrero de 2024. Es decir, transcurrido en exceso el término de cumplimiento estricto de treinta (30) días que establece la norma procesal para presentar un recurso de *certiorari* ante este Tribunal y sin que Ravaro Construction Corp. consignara justa causa alguna que valide su incumplimiento. Ello privó a este Tribunal de autoridad para atender su escrito.

**IV.**

Por los fundamentos anteriormente expuestos, se desestima el recurso por falta de jurisdicción.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones